DAVID FLOYD *vs.* CHARLES S. TEWKSBURY & others.

Suffolk.   March 11. — Sept. 10, 1880.   ENDICOTT & SOULE, JJ., absent.

At the trial of a writ of entry, the demandant claimed under A. and the tenant under B., between whom a partition had been made in 1720, by a deed which described the dividing line as established " at two heaps of stones made on the sand near the beach bars;" the land north of that line being assigned to A., and the land south of the line to B.   The monuments determining the location of the line having wholly disappeared or become uncertain, the demandant, in order to show where the "beach bars" had been, put in evidence a portion of a plan made use of by the commissioners upon a petition for partition filed in court, in 1805, by persons under whom the tenant claimed, and who were admitted by the demandant to have been the owners in fee of the land set off to B. in 1720.   Upon this petition due proceedings were had, and the report of the commissioners who were appointed to make partition was accepted and confirmed by the court.   *Held*, that the tenant might put in evidence the entire plan and record of the partition proceedings, and also the various deeds of the persons under whom he claimed, made after the partition in 1805 and before the year 1832, and referring to the partition.

WRIT OF ENTRY to recover a parcel of land in Winthrop. Plea, *nul disseisin.* Trial in the Superior Court, without a jury, before *Brigham*, C. J., who found for the tenants; and the demandant alleged exceptions to the admission of certain evidence, which is stated in the opinion.

*F. T. Benner*, for the demandant.

*J. L. Thorndike*, for the tenants.

AMES, J. The dividing line provided for in the partition deed of 1720, between John Grover and Joseph Belcher, is described in that deed as established " at two heaps of stones made on the sand near the beach bars; " the land south of that line being assigned to Belcher, under whom the tenants claim; and the land north of the line to Grover, under whom the demandant claims. In order to maintain the action, the demandant must prove that the premises claimed in the suit were upon the northerly side of the line. The monuments determining the location of that line having wholly disappeared, or become uncertain, the demandant, in order to show the location of the line, is called upon to show where the monuments had been. In order to show where the " beach bars " were situated, he was allowed, without objection from the tenants, to put in a portion of a plan, made use of by the commissioners upon a petition for partition filed in the Court of Common Pleas in 1805, by persons under whom the tenants claim, and who are admitted by the demandant to have been the owners in fee of the land set off to Belcher in 1720. Upon this petition due proceedings were had, and the report of the commissioners who were appointed to make partition was accepted and confirmed by the court. The plan accompanies their report, is referred to in it, and is a part of the record of the case.

The tenants claimed and were allowed, against the demandant's objection, to make use of the entire plan and record. We do not understand on what ground the demandant could select out a portion of the record, and exclude the other party from the use of the remainder. The record was made evidence in the case by the act of the demandant, and the tenants had a perfect right to use it for the purposes of their defence, so far as it could be so applied.

The tenants also had a right to put in evidence, as a part of

their chain of title, the various deeds of the persons who formerly, as they contended, were the owners of the Belcher portion of the property, and under whom they claimed. The partition and these deeds were evidence of acts of ownership on the part of the tenants' predecessors in the title, at and after the date of that partition in 1805, and before 1832; and we think they were properly admitted as such. They would furnish *prima facie* evidence, liable of course to be rebutted and disproved, but, in the absence of other evidence, they would raise a presumption of sufficient seisin in the grantors to enable them to convey, and, especially in transactions so ancient, would operate to vest the legal seisin in the grantees. *Ward* v. *Fuller*, 15 Pick. 185. *Whitman* v. *Boston & Maine Railroad*, 3 Allen, 133, 139.

The rulings of the presiding judge were therefore correct, and the demandant's *Exceptions are overruled.*